T.C. Memo. 2008-85

UNITED STATES TAX COURT

AD DICKSON OJI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14275-05.                Filed April 3, 2008.

Ad Dickson Oji, pro se.

<u>Mark D. Eblen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's 2001 and 2002 Federal income tax of $1,372 and

$1,256, respectively. After concessions,[1] the issues remaining
for decision are:

(1) Whether petitioner is entitled to deductions for
advertising expenses above those that respondent allowed. We
hold that he is not;

(2) whether petitioner is entitled to deductions for travel
expenses above those that respondent allowed. We hold that he is
not;

(3) whether petitioner is entitled to deductions for meals
and entertainment expenses above those that respondent allowed.
We hold that he is not; and

(4) whether petitioner is entitled to itemized deductions
above those that respondent allowed. We hold that he is not.

---

[1] Petitioner concedes that his gross receipts for 2001
should be increased by $782. Respondent concedes (1) $283 of
disputed advertising expenses for 2001, leaving $417 in dispute;
(2) $283 of disputed advertising expenses for 2002, leaving
$1,200 in dispute; (3) $90.50 of disputed medical expenses for
2001, leaving $4,152.50 in dispute; and that (4) petitioner is
not liable for penalties under sec. 6663 or 6673. Respondent
raised the issue of whether petitioner is entitled to the
standard deduction for 2002. Because petitioner claimed itemized
deductions in 2002 instead of the standard deduction, the amount
of itemized deductions respondent allowed for 2002 is greater
than the standard deduction, and because respondent made no
arguments on this issue in the pretrial memorandum or elsewhere,
we deem it conceded. Respondent also raised the issue of whether
petitioner must pay self-employment tax for 2001 and 2002.
Because respondent did not make any adjustments to petitioner's
self-employment tax in the notice of deficiency and did not
pursue this issue at trial, we deem it conceded.

Respondent filed a motion to amend his answer to assert the fraud penalty under section 6663[2] and made an oral motion to impose sanctions under section 6673.  Respondent has conceded these issues; therefore, we will deny both motions as moot.

FINDINGS OF FACT

Some facts have been stipulated and are so found.  The stipulated facts and the accompanying exhibits are incorporated herein by this reference.  At the time he filed his petition, petitioner resided in West Virginia.

During 2001 and 2002 petitioner worked for the State of West Virginia as the program coordinator for the Small Business Development Center.  He also worked as an independent insurance salesman.

For each year at issue, petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, which included a Schedule C, Profit or Loss From Business.  Petitioner's mother, Virginia Oji, was the only dependent petitioner reported on his 2001 and 2002 income tax returns.  Petitioner has two sons who lived in Nigeria during 2001 and 2002.

On April 28, 2005, respondent issued a statutory notice of deficiency to petitioner determining deficiencies of $1,372 and $1,256 for 2001 and 2002, respectively.

---

[2] All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## I.  Advertising Expenses

Petitioner claimed on his Schedule C $3,080 and $2,936 in advertising expenses for 2001 and 2002, respectively.  Respondent concedes that petitioner may deduct $2,663 and $1,736 for advertising expenses paid in 2001 and 2002, respectively. Petitioner claims that the remaining amounts ($417 and $1,200 for 2001 and 2002, respectively) are attributable to telephone and newspaper expenses.

## II.  Travel Expenses

Petitioner claimed $2,990 in travel expenses for 2001; respondent allowed $607.  Petitioner claimed $3,000 in travel expenses for 2002; respondent allowed $165.  Petitioner argues that the disallowed amounts ($2,383 and $2,835 for 2001 and 2002, respectively) are attributable to trips that he took to Nigeria for two Insurance Brokers and Agents Association (IBAA) conferences.  Petitioner created IBAA in 1999 and served as its president in 2001 and 2002.  According to the receipts petitioner provided, each year he paid for a hotel room, a vehicle rental, meals, and telephone calls.

## III.  Meals and Entertainment

Petitioner claimed $1,006 and $1,044 in meals and entertainment expenses for 2001 and 2002, respectively. Respondent disallowed these deductions in their entirety.  The claimed deductions are attributable to meals petitioner purchased

at fast food restaurants for himself and, in some cases, other people listed on a spreadsheet petitioner maintained on his computer. The spreadsheet provides the dates, amounts spent, restaurant names, business purposes, and the people accompanying petitioner during the meals. The alleged business purpose of each meal was to develop goodwill and solicit business.

IV. Itemized Deductions

Petitioner claimed on his Schedules A, Itemized Deductions, $4,243 and $3,752 in medical expenses for 2001 and 2002, respectively. Respondent concedes that petitioner paid $90.50 of medical expenses in 2001. The disallowed amounts ($4,152.50 and $3,752 for 2001 and 2002, respectively) are attributable to medical expenses that petitioner allegedly paid to the Lagos State University Teaching Hospital in Nigeria (the Lagos hospital) on behalf of his mother.

As evidence that he paid his mother's medical expenses in 2001 and 2002, petitioner initially stipulated two invoices from the Lagos hospital stamped as paid, each bearing the name of one of petitioner's sons living in Nigeria. Petitioner later offered into evidence another two invoices with the same contents as the original bills except that petitioner's mother was named on the bills instead of his sons. Petitioner also offered a letter from the Lagos hospital that apparently accompanied the second set of invoices. The letter stated:

> As requested, the attached receipts reflect payments you made on behalf of your Mother Virginia Oji for years 2001 and 2002.  Please accept our apologies for any inconvenience caused by the mix-up with your children's account, which should not have happened.

Petitioner explained that the invoices bear his sons' names because they picked up the invoices from the Lagos hospital.

While one of the invoices states the date of the patient's admission as August 10, 2001, and the date of discharge as November 21, 2001, petitioner concedes that this is incorrect and his mother was not hospitalized in Nigeria in 2001.  Petitioner is not sure whether his mother was hospitalized in Nigeria in 2002.  Petitioner explained that his mother was frequently in and out of hospitals and doctors' offices, and the Lagos hospital kept an account of his mother's expenses and billed him periodically.  Petitioner does not know exactly when his mother was in Nigeria or received treatment from the Lagos hospital.

### OPINION

Petitioner claims that he is entitled to deductions for business and medical expenses above the amounts respondent allowed.  Section 162(a) allows a taxpayer to deduct ordinary and necessary expenses paid or incurred in carrying on any trade or business.  Section 213(a) allows a taxpayer to deduct personal medical expenses of the taxpayer, his spouse, or a dependent to the extent that the expenses exceed 7.5 percent of the taxpayer's adjusted gross income (AGI).

A taxpayer has the burden of proving that the Commissioner's determinations set forth in the notice of deficiency are incorrect. Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).[3] Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving he is entitled to the deductions. Rule 142(a)(1); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). In addition, a taxpayer must keep sufficient records to substantiate any deductions claimed. Sec. 6001; <u>New Colonial Ice. Co. v. Helvering</u>, <u>supra</u> at 440.

## I. Advertising Expenses

Petitioner claims entitlement to deductions respondent disallowed of $417 and $1,200 for advertising expenses paid in 2001 and 2002, respectively. Petitioner asserts that these amounts are attributable to phone and newspaper expenses. Petitioner presented no evidence or arguments that the expenses were paid in carrying on his trade or business and were not personal expenses. See secs. 162(a), 262. Therefore, we sustain respondent's determination disallowing the advertising expenses above those allowed.

---

[3] Petitioner did not present evidence or arguments that he satisfied the requirements of sec. 7491(a).

II.  <u>Travel Expenses</u>

Petitioner claims entitlement to deductions respondent disallowed of $2,383 and $2,835 for 2001 and 2002, respectively, for travel expenses incurred while in Nigeria for two IBAA conferences.

Section 274(h)(1) provides that no deduction shall be allowed for expenses allocable to a convention or similar meeting held outside of North America unless the taxpayer establishes that the meeting is directly related to the active conduct of his trade or business and that it is as reasonable for the meeting to be held outside the North American area as within the North American area, considering:

> (A) the purpose of such meeting and the activities taking place at such meeting,
>
> (B) the purposes and activities of the sponsoring organizations or groups,
>
> (C) the residences of the active members of the sponsoring organization and the places at which other meetings of the sponsoring organization or groups have been held or will be held, and
>
> (D) such other relevant factors as the taxpayer may present * * *.

Petitioner asserts that the purpose of his trips to Nigeria was to attend IBAA conferences, where he learned about the effect of globalization on the insurance business and developed business contacts with the attendees.  To substantiate his claim, petitioner submitted into evidence the initial drafts of the

conference agendas, which he printed out in preparation for trial. At trial petitioner provided the names of two other members of IBAA who attended the meeting, but not their residences.

We find that petitioner's testimony and the draft agendas do not establish that any conferences actually took place during petitioner's trips to Nigeria. Even if we were to find that the conferences were held, the draft agendas do not adequately describe the activities that took place at the conferences. Furthermore, petitioner's testimony about the general purpose of IBAA and the conferences did not establish that it was reasonable for the conferences, if they took place, to be held in Nigeria instead of in North America.[4] Therefore, we sustain respondent's determination disallowing the travel expenses above those allowed.

III. <u>Meals and Entertainment</u>

Petitioner claims entitlement to deductions of $1,006 and $1,044 for meal and entertainment expenses incurred in 2001 and 2002, respectively. Petitioner's evidence consisted of his spreadsheet listing basic information about the meals, copies of receipts for meals, and copies of checks made out to restaurants.

---

[4] Sec. 274(c) also contains special rules that apply to foreign travel. Because we find that petitioner has not satisfied the requirements of sec. 274(h), we need not address sec. 274(c).

Section 274(d) provides that no deduction or credit is allowed for expenses for meals or entertainment unless the taxpayer substantiates by adequate records or sufficient evidence corroborating the taxpayer's own statement: (1) The amount of such expenses; (2) the time and place of the meal or entertainment; (3) the business purpose of the expenses; and (4) if the expense is for entertainment, the business relationship to the taxpayer of the persons entertained.

Petitioner presented no evidence or arguments as to his relationship to the people listed on the spreadsheet. We find that the meals that petitioner apparently ate alone had no business purpose because petitioner was not developing goodwill or soliciting business and petitioner offered no evidence or arguments of any other business purpose for the meals. Therefore, we sustain respondent's determination that petitioner is not entitled to any Schedule C deductions for meals or entertainment.

IV. Itemized Deductions

Petitioner claims entitlement to deductions respondent disallowed of $4,152.50 and $3,752 for 2001 and 2002, respectively, for medical expenses he paid to the Lagos hospital for treatment provided to his mother.

Respondent argues that the evidence presented indicates that it was petitioner's sons who were hospitalized in 2001 and 2002,

not petitioner's mother.  Even if we were to accept petitioner's explanation of why the invoices originally contained his sons' names rather than his mother's, there is no evidence that it was petitioner who paid his mother's medical expenses.  Furthermore, we find that the invoices from the Lagos hospital are not authentic, and we accord them no weight.  If we were to accept petitioner's explanation, the Lagos hospital must have prepared the invoices when petitioner's sons picked them up instead of at the time petitioner was actually billed, and consequently they cannot be the original invoices.  Furthermore, the Lagos hospital could not have been maintaining careful records if it misnamed the patient on two occasions (again presuming that the sons picked up the receipts on different days; otherwise it is not clear why one son did not pick up both receipts) and misrepresented when the patient was hospitalized on one of the invoices.

Therefore, we find that petitioner has failed to substantiate that he paid any medical expenses on behalf of his mother in 2001 or 2002.  In the absence of any credible corroborating evidence, we sustain respondent's determination disallowing deductions for medical expenses.[5]

---

[5] Respondent concedes that petitioner paid $90.50 of medical expenses in 2001.  However, that amount does not exceed 7.5 percent of petitioner's adjusted gross income for 2001 and therefore is not allowed.  See sec. 213(a).

To reflect the foregoing and the concessions of the parties,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.